UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

IN RE THE PETITION OF JIANGSU STEAMSHIP CO., LTD

REQUEST FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782

------------------------------------------------------------x

14 Misc. _____ (__)(__)

14 CV 9997

## MEMORANDUM OF LAW IN SUPPORT OF
## APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782(a)

FREEHILL HOGAN & MAHAR LLP
Attorneys for Petitioner
Jiangsu Steamship Co., Ltd
80 Pine Street
New York, NY  10005
Tel.: (212) 425-1900
Fax: (212) 425-1901
Email: unger@freehill.com
       lee@freehill.com

*Of counsel:*
Michael E. Unger
Susan Lee

426546.1

## PRELIMINARY STATEMENT

Petitioner Jiangsu Steamship Co., Ltd (hereinafter "Petitioner" or "JSCL") respectfully submits this Memorandum and the accompanying Declaration of Su Yin Anand in support of its application for an order, pursuant to 28 U.S.C. § 1782, authorizing discovery in the form of the production of relevant documents in the possession, custody and/or control of various New York banks for use in certain contemplated foreign proceedings in which Petitioner will be seeking to obtain security by way of foreign maritime attachment actions to aid in the recognition and enforcement of a foreign arbitration award expected to be obtained in favor of Petitioner and against Success Superior Limited. For the reasons below, this application should be granted in its entirety.

## FACTUAL BACKGROUND

The facts relevant to the instant application are set forth in more detail in the accompanying Petition and Declaration of Su Yin Anand and are briefly outlined below.

The underlying dispute is fairly straightforward. By a maritime contract dated April 4, 2013, Petitioner JSCL, as disponent owner of the M/V JIAN HUA, entered into a charter party with Success Superior Limited, as charterer, to carry 70,000 metric tons of iron ore in bulk on board the M/V JIAN HUA from Manzanillo, Mexico to a port in North China. Success Superior Limited's performance of the charter party was and is guaranteed by Mingli International Group S. de R.L. de C.V. The charter party provided for the application of English law and for all disputes to be resolved by arbitration in London. In breach of the charter party, Success Superior Limited failed or otherwise refused to pay certain sums to JSCL in breach of the charter party. JSCL duly demanded payment of the outstanding sums from Success Superior Limited, but despite these efforts, Success Superior Limited failed to pay any portion of the amounts it owed.

426546.1

Consequently, JSCL has commenced or will shortly commence London arbitration proceedings as provided for in the charter party. In addition, Petitioner also intends to commence actions to seek security through attachment actions in support of the arbitration proceedings in England and wherever else assets of Success Superior Limited may be located. (*See* Anand Decl. at ¶¶ 4-11).

In order to be in position to enforce a London arbitration award anticipated to be entered in favor of JSCL and against Success Superior Limited, JSCL seeks discovery of the assets of Success Superior Limited via this action. Such discovery will assist in determining the ownership and location of assets of Success Superior Limited, including any such assets as may be held in its own name, in the name of counterparties that are doing business with Success Superior Limited or in the name of paying agents or believed alter egos of Success Superior Limited. Determination of the locus of such assets will allow JSCL to obtain security through certain contemplated maritime attachment actions wherever assets of Success Superior Limited may be located, which assets will then be used for enforcement of the eventual London arbitration award. (*See* Anand Decl. at ¶ 12).

By way of background, Success Superior Limited is in the business of trading and transporting iron ore and steel internationally and is, upon information and belief, an affiliate, paying agent and/or alter ego of Mingli, and/or vice versa. Like Success Superior Limited, Mingli is in the business of mining, processing, trading, storage and logistics of iron ore internationally. The shareholder of Success Superior Limited, Lin ("Jack") Xiang, is believed to be a principal of Mingli. Mingli guaranteed Success Superior Limited's performance of the underlying charter party as well as three other charter parties with JSCL. In connection with the three other charter parties, JSCL, as "Owners", Success Superior Limited, as "Charterers", and Mingli as "Guarantors of the Charterers" executed a settlement

2

426546.1

agreement dated June 5, 2014. Pursuant to that settlement agreement, Success Superior Limited and Mingli each undertook an obligation to pay JSCL USD 1,800,000 but Success Superior Limited remitted the entire settlement sum to JSCL in satisfaction of its own as well as Mingli's indebtedness to JSCL.

Based on the foregoing, wire transfer and other banking transaction information concerning Success Superior Limited and Mingli identifying assets belonging to Success Superior Limited are likely to be in the hands of certain financial institutions in New York. Such information will be used to demonstrate payments made and/or received by paying agents and/or alter ego entities on behalf of or for the benefit of Success Superior Limited, to identify vessels chartered to or for the benefit of Success Superior Limited, and to locate assets of Success Superior Limited which can be garnished as security in favor of Petitioner. Obtaining such information will allow JSCL to determine where to initiate foreign attachment proceedings and seek ultimate enforcement of the arbitral award anticipated to be entered in favor of JSCL and against Success Superior Limited.

**ARGUMENT**

Point I

**THE STATUTORY REQUIREMENTS FOR DISCOVERY
PURSUANT TO 28 U.S.C. § 1782 ARE MET**

28 U.S.C. § 1782 authorizes a United States District Court to order a person residing in the district to give testimony or product documents for use in a foreign proceeding. It provides as follows:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made

3

426546.1

> pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a). Thus, as stated by the Second Circuit in *In re Application of Aldunante*, 3 F.3d 54, 58 (2d Cir. 1993), *cert. denied*, 510 U.S. 965 (1993), there are three threshold requirements for ordering discovery under § 1782:

> The statutory language is unambiguous in its requirements: (1) the person from whom discovery is sought must reside or be found in the district of the district court to which the application is made, (2) the discovery must be "for use in a proceeding in a foreign or international tribunal," and (3) the application must be made "by a foreign or international tribunal" or by "any interested person".

Here, all of the statutory requirements for an order directing the production of documents pursuant to 28 U.S.C. § 1782 have been met. JSCL seeks the discovery from business entities that are presently doing business within the District. JSCL, as a party to the contemplated London arbitration proceedings and foreign attachment proceedings, qualifies as an "interested person" to the foreign proceedings within the meaning of 28 U.S.C. § 1782. *See Intel Corp. v. Advance Micro Devices, Inc.*, 542 U.S. 241, 256 (2004) ("[n]o doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782"); *In re Application of Malev Hungarian Airlines*, 964 F.2d 97, 101 (2d Cir.), *cert denied*, 506 U.S. 861 (1992). Finally, the discovery is sought for use in foreign attachment proceedings in support of an eventual London arbitration award to be issued in favor of JSCL and against Success Superior Limited. Of note, as the Supreme Court in *Intel Corp. v. Advanced Micro Devices Inc.*, 542 U.S. 241, 259 (2004) held, the proceeding for which discovery is sought "need not be pending or imminent", but rather must only be "within reasonable contemplation". It is "not necessary for the adjudicative

4

426546.1

proceeding to be pending at the time the evidence is sought but only that the evidence is eventually to be used in such a proceeding". *Intel*, 542 U.S. at 259 (quoting Smit, International Litigation 1026).

In addition to satisfying all three of the statutory requirements, both of the "twin aims" of § 1782 which are to be considered by a district court on such an application would be met here, namely: "to provide efficient assistance to participants in international litigation and encourage foreign countries to provide similar assistance to our domestic courts." *Minatec Fin. S.a.r.l. v. SI Group Inc.*, 2008 U.S. Dist LEXIS 63802 (S.D.N.Y. Aug. 18, 2008).

### Point II

### THE DISCRETIONARY *INTEL* FACTORS ARE MET

In *Intel*, the Supreme Court refused to interject limitations into the language of the statute and, instead, provided certain discretionary factors to be considered by a federal district court on a § 1782 application. The discretionary factors are: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of proceedings underway abroad, and the receptivity of the foreign government, court or agency to federal-court judicial assistance; (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering limits or other policies of a foreign country or the United States; and (4) whether the discovery requests are unduly intrusive or burdensome. *Minatec*, 2008 U.S. Dist. LEXIS 63802 (citing *Intel*, 542 U.S. at 264-65).

Upon weighing each of the four discretionary *Intel* factors, the scale tips decidedly in favor of JSCL here. The banks from which the discovery is sought will not be parties to or

participants in the contemplated foreign arbitration proceedings or attachment actions seeking security in support of such a claim. *See Intel*, 542 U.S. at 264 ("nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid"). The nature of the foreign proceedings does not run against any interest that would counsel against granting this request. Similarly, the instant request does not seek to circumvent any foreign proof-gathering limits or other policies. Finally, the request is neither unduly intrusive nor burdensome, but is instead specifically tailored to target information believed to lead to the discovery of assets belonging to Success Superior Limited.

### Point III

### THE GROUNDS FOR *EX PARTE* DISCOVERY HAVE BEEN MET

28 U.S.C. § 1782(a) specifically authorizes the Court to prescribe the practice and procedure for the taking of discovery pursuant to the statute.

Here, JSCL seeks an Order directing the production of documents by certain banks in New York on an *ex parte* basis until such time as the attachment proceedings in support of the London arbitration proceedings have been commenced and notice of such proceedings has been served on the companies whose records are being sought. Premature notice of this application or the discovery request may prompt Success Superior Limited to take steps to remove, transfer or divert assets beyond the reach of JSCL's contemplated attachment actions.

Based on JSCL's investigation of Success Superior Limited and its affiliates, any premature notice of this application and the discovery requested will highly prejudice, if not foreclose, the likelihood of JSCL obtaining any meaningful relief via the contemplated London arbitration proceedings and attachment proceedings. Therefore, to maintain JSCL's remedy of

6

attachment and to prevent Success Superior Limited and its affiliates from taking steps to circumvent the enforcement of an eventual foreign arbitration award, JSCL requests that the Court execute an Order directing the production of documents pursuant to 28 U.S.C. § 1782 on an *ex parte* basis until such time as the attachment proceedings have been commenced and served upon the individuals/companies whose records are being sought.

## CONCLUSION

For the reasons set forth above, Petitioner respectfully submits that it has met all of the criteria for the issuance of an order authorizing discovery pursuant to 28 U.S.C. § 1782 and that this Court should therefore exercise its discretion to execute the proposed order directing the production of documents in aid of the contemplated foreign proceedings.

Dated: New York, New York
December 18, 2014

Respectfully submitted,

FREEHILL HOGAN & MAHAR LLP
Attorneys for Petitioner
Jiangsu Steamship Co., Ltd

By: _____
Michael E. Unger
Susan Lee
80 Pine Street
New York, NY 10005
Tel.: (212) 425-1900
Fax: (212) 425-1901
Email: unger@freehill.com
       lee@freehill.com